**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219* *412/644-3500*

April 5, 2024

Patrick K. Nightingale, Esquire
445 Fort Pitt Boulevard
Suite 100
Pittsburgh, PA 15219

Re: United States of America v.
Samuel David Ferrer Avila
Criminal No. 22-301

Dear Mr. Nightingale:

This letter sets forth the agreement by which your client, Samuel David Ferrer Avila, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Samuel David Ferrer Avila and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Samuel David Ferrer Avila will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A. The defendant, Samuel David Ferrer Avila, agrees to the following:

1. He will enter a plea of guilty to Counts One and Two of the Indictment at Criminal No. 22-301, charging him with violating 18 U.S.C. §§ 1349 and 1956(h), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

2. He will pay mandatory restitution under 18 U.S.C. §§ 3663A and 3664 to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

   He agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding his income, assets and financial status, and that of his household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to him.

3. He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

4. If the Court imposes a fine or restitution as part of a sentence of incarceration, Samuel David Ferrer Avila agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

5. At the time Samuel David Ferrer Avila enters his plea of guilty, he will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Samuel David Ferrer Avila recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences, including denaturalization if the defendant is a naturalized citizen, are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant

nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

7. Samuel David Ferrer Avila waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a) If the United States appeals from the sentence, Samuel David Ferrer Avila may take a direct appeal from the sentence.

(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Samuel David Ferrer Avila may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

8. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Samuel David Ferrer Avila in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to

move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Samuel David Ferrer Avila and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Samuel David Ferrer Avila at Count One is:

   (a) A term of imprisonment of not more than twenty (20) years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than three (3) years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The penalty that may be imposed upon Samuel David Ferrer Avila at Count Two is:

   (a) A term of imprisonment of not more than twenty (20) years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than three (3) years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

3. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4. Because the offenses of conviction were part of a conspiracy of criminal activity, restitution is not limited to the offense of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by Samuel David Ferrer Avila's criminal conduct in the course of the conspiracy.

5. The parties stipulate that the loss for purposes of Section 2B1.1 of the United States Sentencing Guidelines is more than $550,000 but not more than $1,500,000. This stipulation represents the parties' best understanding

on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

6. The parties further agree that the adjusted base offense level should be raised:

(a) By two (2) levels under Section 2B1.1(b)(2)(A) of the Guidelines (Number of Victims);

(b) By two (2) levels under Section 2B1.1(b)(10)(B) of the Guidelines (Fraud Committed from Outside the United States);

(c) By two (2) levels under Section 2S1.1(b)(2)(B) of the Guidelines (conviction under 18 U.S.C. § 1956); and,

(d) By two (2) levels under Section 3A1.1 of the Guidelines (Vulnerable Victim).

The United States reserves the right to argue that the adjusted offense level should be raised by an additional (3) levels under Section 3B1.1(b) of the Guidelines (Aggravating Role). The defendant reserves the right to oppose any such argument.

These agreements are not binding on the Court.

7. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Samuel David Ferrer Avila acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against Samuel David Ferrer Avila or his property.

9. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double

jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

10. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Samuel David Ferrer Avila and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

ERIC G. OLSHAN
United States Attorney

JEFFREY R. BENGEL
Assistant United States Attorney

I have received this letter from my attorney, Patrick K. Nightingale, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

SAMUEL DAVID FERRER AVILA

5.22.24

Date

Witnessed by:

PATRICK K. NIGHTINGALE, ESQUIRE
Counsel for Samuel David Ferrer Avila